110 F.3d 68
 Pens. Plan Guide (CCH) P 23934I
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 HAWAII CARPENTERS TRUST FUNDS, Hawaii Carpenters Health &
Welfare Trust Fund, by its Trustees Albert Hammamoto;
Walter Kupau; Henry Iida; Albert Belliveau; Roy Iwamoto;
Elmer Cabico; Thomas T. Uyetake; Mitsuo Yakuma; Tom
Jackson; Gordon S. Higa; Daniel Tom; and Paul C.K. Chang;
Hawaii Carpenters Apprenticeship & Training Trust Fund, by
its trustees Conrad Murashige; Glen Shirota; Wayne Kawono;
Sidney Shimokawa; Jim Ramirez; David Rosa; Toshito
Isemoto; and Edward Cantere; Hawaii Carpenters Vacation &
Holiday Trust Fund, by its Trustees John Murchison; Harry
Marakami; Murray Bawen; Mark Erwin; Gerald Sakamoto;
Curtis Kern; Paul Sasaki; Keith Hirota; Allen Sasaki;
Keith Oirota; Allen Kusano, and James Mawae, Hawaii
Carpenters Market Recovery Program, by its Trustees John
Murchison; Ronald Taketa; Larry Isemoto; Warren Chong;
Allen Kusano; Melvin Fujii; Tahlia Choy; Theodore
Hackbarth; Conrad Murashige; and Brian Kawahara, Hawaii
Carpenters Financial Security Trust Fund, by its Trustees
Bruck Patterson; Gary Heath; Gerard Sakamoto; Walter H.
Kapau; Kenneth Sakurai; Robert Moyer; Gordon Scruton;
Timothy McCormack; Albert Yoshiyama, and Ralph Yackley,
Hawaii Carpenters Pension Trust Fund, by its trustees George
J. McCarthy; Dante Agra; Pepe D'Bayan; James Maeda;
Raymong Nagata; Terrence Nakamura; Jiggs Tamashiro;
Gilbert Ancheta; Albert Yoshiyama, and Walter H. Kupau,
Plaintiffs-Appellants/Cross-Appellees
v.
BIRTCHER/BCI, a Hawaii general partnership; Birtcher
Construction Limited, a California limited partnership;
Birtcher Builders, Inc., a California corporation; MBK
Hackney Partners, a California general partnership; MBK
Hackney, Inc., a Delaware corporation; Bussan Hackney,
Inc., a Delaware corporation; BCI General Contractors, a
California corporation, Defendants-Appellees/Cross-Appellants.
 No. 95-17279, 96-15029.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1996.
Decided April 1, 1997.
 Appeal from the United States District Court for the District of Hawaii, No. CV-94-00568-HG; Helen Gillmor, District Judge, Presiding.
 D.Hawai'i
 AFFIRMED IN PART, REVERSED IN PART.
 Before: WALLACE, SCHROEDER, and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Hawaii Carpenters Trust Funds ("Trust Funds") brought this action to recover delinquent trust fund contributions under ERISA. The delinquent contributions arose out of construction work performed in June, July, and August, 1993, by Union carpenters employed by BCI General Contractors ("BCI"), a nonappealing Defendant. In a previous action, Trust Funds won a judgment for the contributions against BCI, but BCI is without assets. In this action, Trust Funds seeks to hold liable for the contributions Defendants Birtcher/BCI, a Hawaii joint venture of which BCI was the managing venturer at the time the contribution obligations were incurred; Birtcher Construction Limited ("BCL"), BCI's joint venturer in Birtcher/BCI; and various general partners in BCL (collectively, "Defendants").
 
 
 3
 There are no disputed issues of material fact. On cross-motions for summary judgment, the district court held that Defendants could not be held liable for the June and July 1993 contributions, but were liable for the August 1993 contributions. The district court granted partial summary judgment to Defendants and partial summary judgment to the Trust Funds, and entered judgment against the Defendants "as to any and all unpaid contributions accrued in connection with the Projects in the month of August 1993." Trust Funds now appeal the grant of partial summary judgment to Defendants for the June and July 1993 contributions. Defendants cross-appeal the partial summary judgment for the August 1993 contributions. We have jurisdiction under 28 U.S.C. § 1291, and review de novo. See Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995).
 
 
 4
 With respect to the contributions for June and July of 1993, we affirm the grant of partial summary judgment to Defendants for the reasons stated by the district court. See Order at 10-21, ER 461-72. In addition, we emphasize that the Trust Funds' asserted theory of partnership liability could only obligate Defendants, at most, for obligations of the joint venture. See Teamsters Pension Trust Fund v. H.F. Johnson, Inc., 830 F.2d 1009, 1015 (9th Cir.1987) (citing Uniform Partnership Act § 17). Because BCI lacked either actual or apparent authority to obligate the joint venture when it signed the CBA, it obligated only itself, and not the joint venture. Because the trust fund obligations were not joint venture obligations, Defendants cannot be held liable on a partnership theory.
 
 
 5
 With respect to the contributions for August 1993, we believe the district court erred in granting partial summary judgment to the Trust Funds. The district court correctly noted that by signing the CBA in February 1994, retroactive to August 1, 1993, BCL "unambiguously became a party to the CBA and Trust Agreements and the trust fund obligations set forth therein." In so doing, however, BCL only became liable to contribute for the employees it, BCL, employed directly under the CBA. See Carpenters Pension Trust Fund v. Underground Construction Co., 31 F.3d 776, 780-81 (9th Cir.1994). BCL did not, by signing its own CBA retroactive to August 1, 1993, assume any contribution obligations for BCI's employees, which are the only obligations in dispute. The record contains no allegations that, when BCL signed its CBA retroactive to August 1, 1993, it was a "single employer" with BCI, or was acting as BCI's "alter ego." BCL therefore is not liable for BCI's contributions under either the successor provisions of the CBA, see CBA § 28.1, ER 41-42, or the "single employer" provisions of 29 U.S.C. § 1301(b)(1). See Underground Const., 31 F.3d at 779; see also New England Mechanical v. Laborers Local Union 294, 909 F.2d 1339, 1343 (9th Cir.1990) (successor employers not bound by prior CBAs unless they are "alter egos" of previous employer). We conclude that BCL cannot be liable for the August 1993 contributions for the BCI employees, for the reasons stated above and for those stated in the district court order with respect to the June and July 1993 contributions.
 
 
 6
 Accordingly, we reverse the district court's grant of partial summary judgment for the Trust Funds with respect to the August 1993 contributions. We remand the case for entry of judgment for Defendants.
 
 
 7
 The authority cited by Defendants in their fee request does not require or authorize the award of attorneys' fees to a prevailing employer in an ERISA action. See 29 U.S.C. § 1132(g)(2) (governing awards of fees to prevailing ERISA plans or fiduciaries); F.R.A.P. 39(a) (governing costs, not fees). In addition, Trust Funds' position, though unsuccessful, was not frivolous. See F.R.A.P. 38. We therefore decline to award attorneys' fees. Because Defendants prevailed on all issues, however, costs of this appeal are to be taxed against Plaintiff Trust Funds. See F.R.A.P. 39(a).
 
 
 8
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3