110 F.3d 68
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor Manuel ESTRADA-CASTANEDA, Petitioner-Appellant,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent-Appellee.
 No. 95-70801.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 5, 1997.*
Decided April 04, 1997.
 
 On Petition For Review Of An Order Of The Board Of Immigration Appeals, No. Aop-dua-upk.
 BIA
 REVIEW GRANTED.
 Before: SCHROEDER, FERGUSON and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victor Manuel Estrada-Castaneda ("Estrada-Castaneda"), a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeal ("BIA") affirming an Immigration Judge's order denying his application for asylum and withholding of deportation.
 
 
 3
 Where a case involves the application of established legal principles, such as whether a petitioner was persecuted on account of political opinion, to undisputed facts, our review is de novo. Harpinder Singh v. Ilchert, 63 F.3d 1501, 1507 (9th Cir.1995). We find that the BIA incorrectly concluded that Estrada-Castaneda did not suffer persecution on account of political opinion, and therefore grant his petition.
 
 
 4
 Estrada-Castaneda testified that in the course of his travel throughout Guatemala as a salesman for a U.S. company, he was stopped at a roadblock set up by guerrillas. He refused their requests for assistance in transporting weapons and told them that he did not agree with communism and that he was a democrat. The guerrillas subsequently dragged him out of his car, beat him, took his personal documents and identification card and car keys, threatened to kill him if he notified authorities or the police, and left him by the side of the road.
 
 
 5
 The BIA held that Estrada-Castaneda failed to prove he was persecuted on account of political opinion. It found that Estrada-Castaneda's "difficulties in Guatemala were due to the random violence which unfortunately has been widespread in that country for a number of years." The BIA concluded that Estrada-Castaneda's "testimony indicates that the guerillas had set up a roadblock to stop all cars, and that, according to the police, the treatment he suffered had been happening with some regularity in that area at that time."
 
 
 6
 While a general level of violence does not amount to political persecution, Estrada-Castaneda was the target of specific political persecution. He was dragged out of his car and beat up because he said he did not support the communist guerillas and was a democrat. The roadblock may have stopped all cars, but the guerillas did not beat up every motorist. We therefore hold that Estrada-Castaneda showed he was a victim of political persecution. See Surinder Singh v. Ilchert, 69 F.3d 375, 379 (9th Cir.1995).
 
 
 7
 Estrada-Castaneda's petition for review is therefore granted. The BIA's decision determining that Estrada-Castaneda is not statutorily eligible for asylum is reversed, and this case is remanded to the BIA.
 
 LEAVY, Circuit Judge, dissenting:
 
 8
 I dissent. Estrada-Castaneda was not active in politics. He was stopped at a roadblock maintained by twelve to fifteen men who asked him to transport weapons and asked if he agreed with communism. The only evidence the men had of Estrada-Castaneda's political belief is his refusal to assist in the transportation of weapons and his response, "no, I'm a democrat."
 
 
 9
 The guerillas took his personal papers and the keys to his car and hit and kicked him. In spite of being told not to report the event to the police, he did so and was told that guerillas "were acting that way around the place."
 
 
 10
 The BIA found as a matter of fact that there was no nexus between Estrada-Castaneda's political belief and his treatment at the roadblock. Because the evidence does not compel a finding to the contrary, we should deny the petition. INS v. Elias-Zacarias, 502 U.S. 478 (1992).
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3