110 F.3d 68
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ESTATE OF Robert Michael LaFAZIO; Susan LaFazio, as
personal representative of the Estate, and as an individual;
Nicholas LaFazio, an individual; and Jacob Stuart LaFazio,
a minor by and through his Guardian Ad Litem, Susan LaFazio,
Plaintiffs-Appellants,
v.
CITY OF FT. BRAGG, a municipal corporation; Ft. Bragg
Police Department; Thomas Bickle, Chief of Police, Ft.
Bragg Police Department; Officer Kenneth Smith; and
Sergeant James Grant, Defendants-Appellees.
 No. 95-15813.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1996.*
Decided April 04, 1997.
 
 1
 Before: FERGUSON and FLETCHER, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 This case arises out of the death of Robert Michael LaFazio ("LaFazio"). The Plaintiffs-Appellants are his estate, his parents, and his son ("Appellants"). The Defendants-Appellees are the City of Ft. Bragg, a municipal corporation, Ft. Bragg Police Department, Thomas Bickle, Chief of Police, Ft. Bragg Police Dept., Officer Kenneth Smith, and Sergeant James Grant ("Appellees"). Appellants filed suit pursuant to 42 U.S.C. § 1983. They allege the violation of LaFazio's Fourth Amendment right against unlawful search and seizure. In addition they make two Fourteenth Amendment claims: 1) a violation of LaFazio's right against deprivation of life without due process and 2) a violation of their liberty interest in familial companionship.
 
 
 4
 The district court granted Defendants' Motion for Summary Judgment from which Appellants now appeal. We affirm.
 
 I.
 
 5
 On December 31, 1992, shortly before midnight, Officer Smith observed a Chevy Luv pickup truck, later identified as LaFazio's, swerve twice into oncoming traffic. Officer Smith activated the emergency lights and siren on his patrol car. The pickup then turned onto a private logging road. At this time, Smith announced the pursuit on his radio and requested assistance from Sergeant Grant. Smith turned his lights and siren off and travelled along the same logging road.
 
 
 6
 Sergeant Grant requested assistance from the Mendocino County Sheriff's Department, in case LaFazio crossed the border between Fort Bragg and Mendocino County. LaFazio, however, parked his car on a side road at a portable mill site near the Noyo River. The river was flooding due to the heavy rains occurring at that time.
 
 
 7
 LaFazio ran from the vehicle and crossed a drainage ditch down the embankment from the landing area where he had parked his truck. Officer Smith observed this and issued a verbal command to which the suspect did not respond. Officer Smith and Sergeant Grant searched the area for the suspect and heard the suspect in the brush, but could not see him. The officers terminated their efforts to apprehend the suspect, and a tow truck removed the vehicle. The pickup displayed a "for sale" sign with LaFazio's telephone number.
 
 
 8
 About one month after the December 31, 1992 incident, Robert LaFazio's body was recovered from an area near the Noyo River. An autopsy report confirmed the cause of death as drowning.
 
 
 9
 The toxicology lab tests show that LaFazio's blood contained a high amount of alcohol (0.21%) as well as methamphetamine.
 
 II.
 
 10
 We review grants of summary judgment de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 1261 (1996).
 
 
 11
 Appellants assert that LaFazio was deprived of his constitutional right to be free from unreasonable searches and seizures. However, Officer Smith's actions do not constitute a "search and seizure." LaFazio was not physically subdued by Officers Smith or Grant and he did not submit to Officer Smith's "show of authority," here a verbal command. California v. Hodari D, 499 U.S. 621 (1991). Where, as here, the subject does not yield, there is no seizure. Hodari, 499 U.S. at 626. See also United States v. Hernandez, 27 F.3d 1403 (9th Cir.1994), cert. denied, 513 U.S. 1171, 115 S.Ct. 1147 (1995) (suspect was not seized because he never submitted to authority, nor was he physically subdued); Galas v. McKee, 801 F.2d 200, 202-03 (6th Cir.1986) (holding that a high-speed pursuit of a traffic offender which terminates in an accident does not constitute a seizure of the offender because there was no physical force or submission to a show of authority).
 
 III.
 
 12
 Appellants also assert two violations of the Fourteenth Amendment: 1) a violation of LaFazio's right against deprivation of life without due process and 2) a violation of their liberty interest in familial companionship. However, a violation of the Fourteenth Amendment requires an intentional deprivation of liberty or property; a negligent act by government or government officers does not give rise to a constitutional claim under § 1983.[1] Daniels v. Williams, 474 U.S. 327, 328-29 (1986); Davidson v. Cannon, 474 U.S. 344 (1986). On this record, there is no evidence even of negligence, let alone intentional wrongdoing.
 
 
 13
 Although appellants present this case as one in which LaFazio died during a pursuit by the police, the evidence advanced showed him fleeing by his own volition. And although they argue that Officer Smith violated the City of Fort Bragg's Police Department Vehicle Pursuit Policy by continuing pursuit by foot, the evidence does not support their contention that Officer Smith had positively identified LaFazio prior to his flight, making further pursuit unnecessary and potentially dangerous.
 
 
 14
 Rather, the evidence shows only that Defendant Smith observed a car being driven in a dangerous manner on New Year's Eve; that the driver did not stop when requested to do so; that he was then pursued in accordance with department policy. The driver, without submitting to police authority, fled from the vehicle and ran into the flood plain of a rising river. After searching the area thoroughly, the officers terminated the pursuit. This is not the kind of outrageous conduct or arbitrary use of government power which creates a constitutional violation under § 1983. See e.g. Tennessee v. Garner, 471 U.S. 1 (1985) (police officer fatally shoots fleeing 15-year old); Hopkins v. Andaya, 958 F.2d 881 (9th Cir.1992) (officer shot suspect 10 times); Chew v. Gates, 27 F.3d 1432 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1099 (1995) (police released attack dogs and mauled plaintiff stopped for traffic violation).
 
 IV.
 
 15
 Appellants also assert municipal and supervisory liability under § 1983. Under the Monell doctrine, Appellants may recover from the city if LaFazio's death was inflicted pursuant to city policy, regulation, custom, or usage. Monell v. Dept. of Soc. Serv. of City of N.Y., 436 U.S. 658, 690-91 (1978). Because we conclude that the officers did not commit any constitutional violations, there can be no municipal liability under § 1983. See Scott v. Henrich, 39 F.3d at 916.
 
 
 16
 Appellants contend that the Police Department's failure to conduct an investigation and failure to review the circumstances of LaFazio's death create a claim under § 1983. Nothing in the police reports or depositions, however, indicate the pursuit of LaFazio warranted further investigation. Rather, it was a pursuit in which standard procedures were followed that ended with tragic consequences. Appellants' claims of civil rights violations by the municipality and the department are unfounded.
 
 V.
 
 17
 Finally, Appellants seek recovery of damages under state law for the wrongful death of Robert LaFazio. Appellees rely on California Government Code § 845.8[2] in defending that the officers and the City of Ft. Bragg are immune from liability.
 
 
 18
 Appellants cite to Thomas v. City of Richmond, 892 P.2d 1185 (1995) in arguing that the Appellees are not immune. However, Thomas involved a pursuing police officer who used his patrol vehicle to hit the suspect, who was fleeing on foot, rendering him a quadriplegic. A more analogous case involved a juvenile ward who lost her legs when she fell beneath the wheels of a train in a failed escape attempt. Ladd v. County of San Mateo, 911 P.2d 496 (1996). In Ladd, the county defended itself in this § 1983 action using the same immunity Government Code section, § 845.8(b)(1) relating to prison escapees. The court held that the immunity applied to any injury "caused by" the escaping prisoner including the prisoner who injured herself during her attempted escape. Therefore, pursuant to California Government Code § 845.8, Appellees are immune from liability with respect to Appellants' state claim for wrongful death.
 
 
 19
 Appellants were given sufficient time to produce evidence in opposition to the motion for summary judgment. The district court continued the initial motion for summary judgment to allow for additional discovery. The court found that the Appellants' evidence could not withstand Appellees' motion for summary judgment and this court agrees.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 "The issue in its most simplistic form is whether defendants did something wrong that resulted in [the suspect's] death." Alexander v. City and County of San Francisco, 29 F.3d 1355, 1365 (9th Cir.1994), cert. denied, 513 U.S. 1083, 115 S.Ct. 735 (1995)
 
 
 [2]
 Section 845.8 provides in relevant part:
 Neither a public entity nor a public employee is liable for: ...
 (b) Any injury caused by:
 (1) An escaping or escaped prisoner; ...
 (3) A person resisting arrest.
 California Government Code § 845.8.